IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWIN L.[1] | ) |
|       Plaintiff, | ) |
| | ) No. 20 C 2680 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) Maria Valdez |
|       Defendant. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Edwin L.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On February 5, 2016, Plaintiff filed a claim for SSI, alleging disability since June 1, 2001. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 8, 2018.[3] Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. At the hearing, Plaintiff amended his application to request a closed period of disability beginning February 5, 2016 and ending July 15, 2017.

On March 25, 2019, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the closed period from February 5, 2016 until July 15, 2017. At step two, the ALJ concluded that Plaintiff had the following severe

---

[3] Plaintiff failed to attend two previous hearings that had been scheduled for December 12, 2017 and June 12, 2018.

2

impairments: bipolar disorder; anxiety disorder; major depressive disorder; attention deficit hyperactivity disorder (ADHD); and a learning disability. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a Listing.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: cannot work at unprotected heights, operate moving mechanical parts, or operate a commercial vehicle; can understand, carry out, and remember simple, routine tasks, but not at an hourly production rate pace; can make simple work-related decisions with the ability to adapt to routine workplace changes; needs a work environment where the supervisor delivers work instructions verbally or by demonstration; can work in proximity to others, but with only brief, incidental interaction with others and no tandem job tasks requiring cooperation with other workers to complete tasks; and cannot tolerate interactions with the general public. At step four, the ALJ concluded that Plaintiff is capable of performing his past relevant work as a janitor, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to

5

a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred when he failed to find listing level severity at step three of his analysis; (2) the ALJ's RFC assessment does not accommodate Plaintiff's non-exertional deficits; and (3) the ALJ's step four finding is inconsistent with his RFC assessment. Each argument will be addressed below in turn.

6

## A.     The ALJ's Step Three Determinations

In his step three analysis, the ALJ assessed the "paragraph B" criteria, namely, Plaintiff's impairments in the four broad areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. The ALJ concluded that the criteria were not satisfied and Plaintiff did not have impairments that meet or medically equal the severity of any listed impairments. Plaintiff takes issue with the ALJ's step three analysis.

With respect to understanding, remembering, or applying information, the ALJ found that Plaintiff had a mild limitation. In support of his finding, the ALJ noted Plaintiff's problems in this area, but reasoned that Plaintiff "did not need reminders to take medication or address personal care needs." (R. 19.) The ALJ further noted that Plaintiff's "memory was generally intact" and he "was able to name past presidents, large cities, and complete simple calculations." (*Id.*) Given these explicit rationales based on evidence in the record, this Court finds that the ALJ's determination as to this functional area was based on substantial evidence and the ALJ provided the requisite logical bridge from the evidence to his conclusion. *See Meghan S. v. Kijakazi*, No. 20 C 1592, 2021 U.S. Dist. LEXIS 172594, at *8-9 (N.D. Ill. Sep. 13, 2021) ("The ALJ's weighing of the evidence regarding the first paragraph B criterion was fully explained and is supported by substantial evidence.").

With respect to interacting with others, the ALJ found that Plaintiff had a moderate limitation. In support of his finding, the ALJ noted Plaintiff's problems in this area, but considered the fact that Plaintiff "volunteered for eleven years at a food pantry loading and unloading trucks." (R. 20.) The ALJ further noted that Plaintiff "spent time with his therapist and visited a library," had a "supportive family structure," and "was largely cooperative during exams." (*Id.*) The ALJ also gave some weight to the state agency psychological consultants who opined that Plaintiff "had moderate limitations in maintaining social functioning." (*Id.* at 21.) Given these explicit rationales based on evidence in the record, the Court finds that the ALJ's determination as to this functional area was based on substantial evidence and the ALJ provided the requisite logical bridge from the evidence to his conclusion. *See Elizabeth A. v. Saul*, No. 19 C 6024, 2021 U.S. Dist. LEXIS 8348, at *11 (N.D. Ill. Jan. 15, 2021) ("[T]he ALJ noted that the state agency reviewing psychological consultants opined that [the claimant] had moderate limitations in this area [of interacting with others]. This evidence supports the ALJ's conclusion that [the claimant] did not have a marked limitation in this domain.").

With respect to concentrating, persisting, or maintaining pace, the ALJ found that Plaintiff had a moderate limitation. In support of his finding, the ALJ noted Plaintiff's reported problems in this area, but noted that "[d]uring exams in April, June, and July 2016, the claimant's concentration was good." (R. 20.) The ALJ further noted that Plaintiff "enjoyed walking, volunteering, and playing games on his phone, which required some degree of concentration." (*Id.*) The ALJ also gave

8

some weight to the state agency consultants who opined that Plaintiff had "moderate limitations in . . . maintaining concentration, persistence and pace." (*Id.* at 21.) Given these explicit rationales based on evidence in the record, the Court finds that the ALJ's determination as to this functional area was based on substantial evidence and the ALJ provided the requisite logical bridge from the evidence to his conclusion. *See Meghan S.*, 2021 U.S. Dist. LEXIS 172594 at *17 ("Although [the claimant] disagrees with the ALJ's interpretation of the CPP evidence, the ALJ's interpretation was not unreasonable and she did not fail to consider any relevant line of evidence. Where reasonable minds could differ, the Court must defer to the ALJ's conclusion. The ALJ's finding that [the claimant] is no more than moderately limited in concentrating, persisting, or maintaining pace is thus supported by substantial evidence.") (citation omitted).

Finally, with respect to adapting or managing oneself, the ALJ found that Plaintiff had a mild limitation. In support of his finding, the ALJ noted Plaintiff's problems in this area, but considered the facts that Plaintiff "was able to go out alone" and "took three buses to get to a job site." (R. 20.) The ALJ further reasoned that Plaintiff "maintained volunteer work and also worked at jobs suggesting a good ability to adapt and manage himself despite his allegations." (*Id.*). The ALJ also gave some weight to the state agency consultants who opined that Plaintiff had "mild limitations in restrictions of daily living." (*Id.* at 21.) Given these explicit rationales based on evidence in the record, the Court finds that the ALJ's determination as to this functional area was based on substantial evidence and the

9

ALJ provided the requisite logical bridge from the evidence to his conclusion. *See Meghan S.*, 2021 U.S. Dist. LEXIS 172594 at *17-18 ("[The claimant] challenges the ALJ's failure to find no more than mild limitations in her capacity to adapt or manage herself. In making a determination regarding this domain, the ALJ recognized [the claimant's] difficulties adapting and managing herself, but relied on her ability to learn routines and take care of her own self-care and household chores with some support from her mother. . . . Contrary to [the claimant's] claims, this is sufficient evidence to support the ALJ's conclusion that [the claimant] is only mildly limited in the functional area of adapting or managing oneself.").

Overall, the ALJ determined that "[b]ecause the claimant's mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria are not satisfied." (R. 21.) The Court finds that the ALJ's step three conclusion was predicated on substantial evidence pertinent to the four criteria and was supported by the requisite analytical logical bridges. Accordingly, there are no issues with the ALJ's step three determination that would require remand.[4] The Court declines Plaintiff's invitation to reweigh the evidence as to Plaintiff's mental impairments, which is forbidden. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) ("We will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it.") (citations omitted).

---

[4] Plaintiff also asserts that the ALJ failed to consider his impairments in combination. However, the ALJ was "cognizant of the substantial overlap in symptomology between different mental impairments" and expressly considered Plaintiff's psychological symptoms "together, instead of separately." (R. 19.)

10

### B. The ALJ's RFC Assessment

With respect to the ALJ's RFC finding, Plaintiff contends that "[l]imiting Plaintiff to simple routine tasks with simple work-related decisions does not adequately account for his limitations in concentration, persistence, or pace." (Pl.'s Memo at 14.) However, an ALJ's use of catchall phrases (such as "simple, routine tasks") in an RFC, without more, does not necessitate remand. *See Recha v. Saul*, 843 F.App'x 1, 4 (7th Cir. 2021) (noting that the use of boilerplate language, by itself, is not reversible error). Furthermore, Plaintiff here has not articulated what sort of verbiage the ALJ should have used with respect to his asserted limitations in concentration, persistence, and pace. *See Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("Although [the claimant] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC. The law required no more."). Moreover, and in any event, the Court rejects Plaintiff's argument because the RFC goes beyond boilerplate terms and provides that Plaintiff cannot work at an hourly production rate pace and would need to be delivered instructions verbally or by demonstration. These limitations properly account for Plaintiff's limitations in concentration, persistence, or pace.

Similarly, the Court rejects Plaintiff's contention that his limitations in interacting with others are not accounted for, as the RFC specifically provides that Plaintiff can have only brief, incidental interaction with others, no tandem job tasks, and no interaction with the public. Finally, while Plaintiff argues that his medications were not properly assessed, the ALJ expressly did consider the side

11

effects of Plaintiff's medications and appropriately prohibited Plaintiff from working at unprotected heights, operating moving mechanical parts, or operating a commercial vehicle. Ultimately, because the ALJ sufficiently accounted for Plaintiff's non-exertional limitations, the Court rejects Plaintiff's challenge to the RFC.

    **C.**    **The ALJ's Step Four Finding**

In his final argument, Plaintiff devotes a total of three sentences in asserting that "Plaintiff's past work as a janitor is classified as semi-skilled work" such that "the Step 4 finding that Plaintiff can return to his past work constitutes reversable error." (Pl.'s Memo at 16). As an initial matter, the Court need not consider such a skeletal argument. *See Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that 'skeletal' arguments may be properly treated as waived.") (citation omitted).[5] Moreover, and in any event, in addition to finding that Plaintiff is capable of performing his past relevant work as a janitor, the ALJ made an alternative step five finding that Plaintiff would be able perform jobs as a laundry worker or cleaner. (R. 28-29.) This alternative finding obviates Plaintiff's step four argument and the Court ultimately rejects Plaintiff's contention.

---

[5] Plaintiff's argument as to step four is also contained on the sixteenth page of his brief, but Plaintiff did not request leave to file an oversized brief.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well-taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 18] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

**SO ORDERED.**  **ENTERED:**

**DATE:** **December 1, 2021**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**